UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAROLD A. ADAMS, III,

Plaintiff,

vs. Case No. 8:04-cv-2806-T-MSS

JOHN SKOLTE,

Defendant.
_______________________________/

PRETRIAL CONFERENCE ORDER

On Monday, September 12, 2005, the Undersigned held a pretrial conference for the above referenced proceeding. Ms. Lynn E. Hanshaw appeared as counsel for Plaintiff. Defendant, who is proceeding *pro se*, appeared on his own behalf. Subsequent to the pretrial conference the parties consented to the Undersigned's jurisdiction (Dkt. 46). This case is now set for jury trial before the Court beginning on Monday, October 3, 2005.

During the pretrial conference, the Court noted that Plaintiff had prepared the Pretrial Statement without input from Defendant. Defendant informed the Court that he had prepared a separate statement, which was presented to the Court but found to be insufficient. The Court then reviewed the Pretrial Statement with the parties and obtained the information necessary from Defendant to provide a complete Pretrial Statement.

The Plaintiff will allege that Defendant, who was Plaintiff's landlord, overcharged and "under-maintenanced" Plaintiff and his apartment because Plaintiff was an African-American man who had two foster children living with him. Defendant will attempt to refute this charge by claiming that he charged Plaintiff more money for rent because of the number of cars kept by Plaintiff at the duplex and his belief that another adult may have been living in the residence and

Defendant will demonstrate that as Plaintiff's landlord, he provided the required and requested maintenance to the premises.

**General Provisions**

(1) The pretrial stipulation and this Order will control the course of trial and may not be amended except by order of the Court in the furtherance of justice.

(2) The parties estimate that two days will be needed to try the case.

(3) A Jury trial is scheduled to begin on Monday, October 3, 2005, at 9:00 a.m..

**Issues as to Witnesses**

(4) Defendant had no objection to the witnesses proposed by Plaintiff and Defendant will not be calling any witnesses in this case except for himself. Plaintiff's counsel indicted that of the witnesses listed in the Pretrial Statement she most likely will call Plaintiff, Ms. Deborah Chan, Ms. Bennie Adams, a representative from Camelot Community Care, and Ms. Carol Tresca.

**Motion in Limine and Pending Motions**

(5) There are no motions of any kind pending before the court.

**Issues as to Exhibits**

(6) The parties indicated that there were no disputes regarding Plaintiff's proposed exhibits. Both parties will use the Lease Agreement and Rental Application identified by Plaintiff in the Pretrial Statement filed in this case (Dkt. 37). During the status conference the District Judge had asked Defendant to produce a maintenance ledger. Defendant informed the Undersigned that he was unable to find the ledger and would not be using it as an Exhibit during the trial.

**Demonstratives and Enlargements**

(7) Neither party requested the use of enlargements, demonstratives or required the use of technology during the trial.

**Depositions**

(8) Neither party plans to offer Depositions into evidence.

**Stipulated Admission of Facts and Applicable Principles of Law**

(9) Defendant acknowledged and accepted all of the "Stipulated Admission of Facts" and "Stipulated Applicable Principles of Law" as submitted by Plaintiff in the Pretrial Statement.

**Statement of Disputed Facts**

(10) The facts that remain in dispute are whether anyone other than Plaintiff and his foster children resided in the rental unit; whether the $550.00 rent per month Plaintiff was initially charged was "discounted," whether the extra rent charged was due to foster children residing with Plaintiff, whether Defendant failed to provide Plaintiff with adequate maintenance, and whether Plaintiff harbored or articulated any racial animus toward Plaintiff.

**Statement of Disputed Law**

(11) The Disputed Issues of Law listed in the Pretrial Statement attributable to Plaintiff remain in dispute.

(12) The Disputed Issues of Law attributable to Defendant are no longer in dispute. Defendant does dispute Plaintiff's claim that he discriminated against Plaintiff.

**Damages**

(13) Plaintiff seeks damages for the difference in rent payments he paid for nine (9) months and additional compensation for humiliation, embarrassment and emotional distress, as well as "punitives" (approximately $5,000 in damages inclusive of punitive damages) and approximately $10,000 in attorney fees and costs.

**Other Issues**

(14) Trial in this matter is set for October 3 and 4, 2005, to begin at 9:00 a.m. each day.

(15) At least **Eleven (11) days** prior to the date that trial is to commence, the parties shall file with Clerk of Court the following (and, as to each of the following, provide directly to the Undersigned's Chambers, Suite 10A, by mail or hand-delivery a "Judge's Courtesy Copy," so marked):

(a) Each side shall file a Trial Brief, with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial; and

(b) The following jury materials:

    (1) A concise (one paragraph preferably) joint or stipulated statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

    (2) A joint document setting forth agreed upon proposed jury instructions, which shall bear a cover sheet with complete style of the case and appropriate heading. There shall be no more than one instruction per page and each shall contain, at the end of such instruction, citation of authorities, if any, and which they shall be sequentially numbered. In the event the parties cannot agree on certain instructions, each party shall then file with the Court its proposed jury instructions, excluding the jury instructions that the parties file in the joint document. The parties shall number the jury instructions so that, for example, jury instruction number one of the Plaintiff's proposed jury instructions corresponds to the same jury instruction listed as number one on the Defendant's document. If counsel's office technology permits, the Court requests a floppy disk containing the jury instructions in Word Perfect 11.0 format.

    (3) A joint document setting forth agreed upon proposed voir dire questions (as a general matter, the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration). In the event the parties cannot agree on certain voir dire questions, each party shall then file with the Court its proposed voir dire, excluding the questions that the parties file in the joint document. The parties shall number the questions in the voir dire so that, for example, question number one of the Plaintiff's proposed voir dire corresponds to the same question listed as number one of the Defendant's document.

    (4) A joint document setting forth agreed upon questions for the proposed verdict form. In the event the parties cannot agree on certain questions, each party shall then file with the Court its proposed verdict form, excluding the questions that the parties file in the joint document. The parties shall number the questions in the proposed verdict form so that, for example, question number one of the Plaintiff's proposed verdict form corresponds to the same question listed as number one of the Defendant's document.

(16) Trial Procedures.

    (a) Counsel shall comply with Local Rule 5.03, Courtroom Decorum, at all times.
    (b) Counsel shall comply with Local Rule 3.07 Marking and Listing Exhibits.
    (c) Counsel are directed to take the following steps prior to trial:

  (1) The original and two copies of exhibits list and witness list shall be furnished to the clerk at commencement of trial.

(2) All deposition excerpts (including page and line designations) that a party seeks to introduce as evidence or on cross-examination shall be exchanged between counsel prior to trial. The parties shall attempt to resolve any objections to the designations prior to trial.

(3) Copies of all documentary exhibits are to be exchanged between counsel and supplied to the court.

(4) Copies of all demonstrative exhibits, including summaries and magnified copied of any documentary or demonstrative exhibits shall be exchanged between counsel prior to the trial.

(5) The failure to advise of witnesses or exchange exhibits is highly disfavored and may result in the exclusion of the witnesses or the exhibits.

(17) In order to facilitate the presentation of exhibits, the following items are attached for use of counsel:

(a) Instructions for preparation of exhibits.
(b) Forms for listing exhibits.
(c) Tags for marking exhibits.
(d) Local Rule 3.07 Marking and listing exhibits and 5.03 Courtroom Decorum.

**DONE and ORDERED** in Tampa, Florida on this 20th day of September 2005.

**Mary S. Scriven**
**United States Magistrate Judge**

Copies to: Counsel of Record
Defendant, proceeding *pro se*

**UNITED STATES DISTRICT COURT**
**Middle District of Florida**
Office of the Clerk
United States Courthouse
Tampa, Florida 33602

Sheryl L. Loesch
Clerk

Tampa Division Manager
(813) 301-5400

## NOTICE TO COUNSEL

## INSTRUCTIONS REGARDING THE PRE-MARKING OF EXHIBITS

Local Rule 3.07 requires each party to obtain from the Clerk, in advance of trial, tabs or labels for pre-marking and identification of each exhibit proposed to be offered in evidence, or otherwise tendered to any witness during trial. To assist you in this regard, copies of Court-approved Exhibit Lists and Exhibit Tags are attached for your use. The case number and style should be appropriately inserted on these forms which may then be reproduced on your office copier in such quantities as required.

Prior to pre-marking exhibits, counsel should select the appropriate "party specific" tag from the attachments. These tags are designed to assist counsel and the Court in controlling and managing exhibits throughout the trial.

Counsel should consecutively number each exhibit tag and staple the exhibit tag to the upper right corner of each exhibit. Thereafter, counsel should prepare the Exhibit List and provide a description of each consecutively numbered exhibit, and sub-exhibit, sufficient to identify it throughout trial.

Composite exhibits should be identified by using the main exhibit's sequential number and an alphabetical suffix to identify the composite portions of the exhibit: e.g., if the main exhibit is number 20 and there are two sub-parts to the exhibit, then the main exhibit should be numbered 20/A, the first sub-part numbered 20/B, and final sub-part numbered 20/C.

Local Rule 3.07(b) requires counsel to furnish copies of their Exhibit List to all other counsel at the commencement of trial.

NOTE: These instructions are purposely general in nature and are intended to supplement the Local Rules and any other instructions issued by the trial judge. Accordingly, counsel shall be responsible for ensuring that any additional requirements established by the trial judge are also met.

SHERYL L. LOESCH, CLERK

Attachments

UNITED STATES DISTRICT COURT
Middle District of Florida
Office of the Clerk
United States Courthouse
Tampa, Florida 33602

Sheryl L. Loesch
Clerk

Tampa Division Manager
(813) 301-5400

NOTICE TO COUNSEL REGARDING EXHIBITS AND EXHIBIT SUBSTITUTES

Requirement to Offer Exhibit Substitutes: Local Rule 5.04, as amended effective April 1, 1991, requires you to offer photographs with sensitive exhibits (i.e. weapons, drugs, currency) and with exhibits other than documents. It further requires you to offer 8 1/2" by 11" reductions along with documentary exhibits larger than 8 1/2" by 14". Unless otherwise ordered by the Court, if an appeal is filed, the clerk will send these photographs and reductions as substitutes for original exhibits in the record on appeal to the United States Court of Appeals for the Eleventh Circuit.

Custody of Exhibits and Substitutes: In connection with civil cases, Local Rule 3.06 requires you to examine proposed exhibits and exhibit substitutes at a meeting prior to pretrial conference and to include objections to use of specific exhibits and substitutes in the pretrial statement. At trial and evidentiary hearings in civil and criminal cases, the clerk will accept the exhibit substitutes along with exhibits at the time you offer them unless the Court otherwise directs on its own initiative or upon objection. The clerk will mark accepted substitutes as such. Unless the Court orders otherwise, at the time of jury verdict or final order, if the clerk has custody of exhibit substitutes, the clerk will return the corresponding original exhibits to you. The clerk will return original sensitive exhibits to you earlier in the proceedings. If no appeal is filed, or upon the filing of the mandate, the clerk will notify you by postcard to pick up any exhibits and substitutes then in the clerk's custody within thirty days. Exhibits and substitutes not picked up will be destroyed.

Pre-Marking of Exhibits and Substitutes and Preparation of Exhibit Lists: Local Rule 3.07 requires you to obtain exhibit tabs or labels in advance of trial and, when reasonable, in advance of evidentiary hearing, from the clerk, from an outside source in the format utilized by the clerk, or in a format approved by the presiding judge. It also requires you to prepare a list of exhibits. Copies of court approved Exhibit Lists and Labels are attached for your use. To prepare Exhibit Labels, list the case number and style on the appropriate "party specific" labels, and copy the labels as needed. Consecutively number the labels, and staple (or affix) the labels to the upper right hand corner of exhibits and exhibit substitutes. Identify an exhibit substitute with the same number used to identify the corresponding exhibit. To complete the Exhibit List, fill in the general information required on the first page of the form and, for each exhibit, list the exhibit number, the witness, and description of the exhibit. Make enough copies of the list to furnish copies to all counsel and three copies to the clerk at the commencement of trial or evidentiary hearing. Identify a composite exhibit with one exhibit number and different letters on each portion of the composite. (e.g. 20/A, 20/B, 20/C)

NOTE: These instructions are general and are intended to supplement the Local Rules and any other instructions issued by the trial judge. Accordingly, counsel shall be responsible for ensuring that any additional requirements established by the trial judge are also met.

Sheryl L. Loesch, CLERK

Attachments

RULE 3.07 MARKING AND LISTING EXHIBITS

(a) In advance of trial and, when reasonable, in advance of evidentiary hearing, counsel for each party in any case shall obtain from the Clerk (or from an outside source in the format utilized by the Clerk or in a format approved by the presiding judge), tabs or labels. These tabs or labels shall be used for the marking and identification of each exhibit proposed to be offered in evidence or otherwise tendered to any witness during trial and evidentiary hearing and for the marking and identification of photographs and reductions proposed to be offered with exhibits in accordance with Rule 5.04. Counsel shall identify a photograph or reduction offered with an exhibit with the number identifying the exhibit.

(b) Upon marking exhibits, counsel shall also prepare a list of such exhibits, in sequence, with a descriptive notation sufficient to identify each separate numbered exhibit. Counsel shall furnish copies of the list to opposing counsel and three copies to the Court at the commencement of trial and, when reasonable, at the commencement of evidentiary hearing. (See also Rules 5.03 and 5.04.)

## RULE 5.03 COURTROOM DECORUM

(a) The purpose of this rule is to state, for the guidance of those heretofore unfamiliar with the traditions of this Court, certain basic principles concerning courtroom behavior and decorum. The requirements stated in this rule are minimal, not all-inclusive; and are intended to emphasize and supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time honored customs of experienced trial counsel. Individual judges of the Court may, in any case, or generally, announce and enforce additional prohibitions or requirements; or may excuse compliance with any one or more of the provisions of this rule.

(b) When appearing in this Court, unless excused by the presiding Judge, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

(1) Stand as Court is opened, recessed or adjourned.

(2) Stand when the jury enters or retires from the courtroom.

(3) Stand when addressing, or being addressed by, the Court.

(4) Stand at the lectern while examining any witness; except that counsel may approach the Clerk's desk or the witness for purposes of handling or tendering exhibits.

(5) Stand at the lectern while making opening statements or closing arguments.

(6) Address all remarks to the Court, not to opposing counsel.

(7) Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

(8) Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

(9) Only one attorney for each party shall examine, or cross examine each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

(10) Counsel should request permission before approaching the bench; and any documents counsel wish to have the Court examine should be handed to the Clerk.

(11) Any paper or exhibit not previously marked for identification (see Rule 3.07) should first be handed to the Clerk to be marked before it is tendered to a witness for his examination; and any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Plaintiff(s), ______
Government ______

Case No: ______________

v.

______ Evidentiary
______ Trial
______ Other

Defendant(s), ______

## EXHIBIT LIST

| Exhibit No. | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Case Number: ____________________ Page ________ of ________ Pages

# EXHIBIT LIST -- CONTINUATION SHEET

| Exhibit No. | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

U.S. District Court
Middle District of Florida

**PLAINTIFF'S EXHIBIT**

Exhibit Number: ____________

Case Number: ____________

____________

v.

____________

Date Identified: ____________

Date Admitted: ____________

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida
PLAINTIFF'S EXHIBIT
Exhibit Number:
Case Number:
v.
Date Identified:
Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

GOVERNMENT'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted: